IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PABLO CHINA VALLE,

    Petitioner,

vs.

M.S. EVANS, et al.,

    Respondents.

No. CIV S-09-1467 FCD GGH P

ORDER AND

FINDINGS AND RECOMMENDATIONS

I. <u>Introduction</u>

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2005 conviction for six counts of lewd conduct upon a child under the age of fourteen years (Cal. Penal Code § 288(a)) and two counts of kidnapping for the purpose of child molestation (Cal. Penal Code § 207(b)).  In connection with the lewd acts, the jury found that petitioner kidnapped the victim, increasing the risk inherent in the underlying offense (Cal. Penal Code § 667.61(d)(2)).  For purposes of sentencing, in aggravation the jury found that the victim was particularly vulnerable and the manner in which petitioner carried out the offenses indicated planning or sophistication.

    Petitioner is serving a sentence of 41 years to life.

\\\\\

1

The petition raises the following claims: 1) jury instruction error; 2) the sentence violated the Sixth Amendment; 3) ineffective assistance of counsel.[1]

Petitioner contends throughout all three issues that the jury instruction on planning and sophistication was erroneous. However, as it turns out, this factor was *not* used to find an upper term, but rather was used to impose consecutive sentencing. Neither under California law, or federal constitutional principles, need a jury make findings for the purpose of imposing consecutive sentences. Thus, because this factor was not used for the imposition of the upper term, any alleged jury instruction error is meaningless. After carefully considering the record, the court recommends that the petition be denied.

II. Anti-Terrorism and Effective Death Penalty Act (AEDPA)

The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually

---

[1] Petitioner actually alleges four grounds for relief. However, some of the grounds are repetitive, and the court has consolidated the petition into the threee categories of claims alleged.

2

on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

The California Court of Appeal was the last state court to issue a reasoned decision addressing petitioner's jury instruction and Sixth Amendment claims. Respondent's Lodged Documents 4, 6. Accordingly, the court considers whether the denial of these claims by the California Court of Appeal was an unreasonable application of clearly established Supreme Court authority. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a state court's summary denial of a claim, the court "looks through" the summary disposition to the last reasoned decision). Petitioner raised his ineffective assistance of counsel claims in a habeas corpus petition filed in the California Supreme Court. Respondent's Lodged Document 7. The California Supreme Court issued a summary denial of these claims. Respondent's Lodged Document 8. Accordingly, the court will independently review the record to determine whether the denial of these claims by the California Supreme Court was an unreasonable application of clearly established Supreme Court authority.

III. Facts

The opinion of the California Court of Appeal contains a brief, factual summary. The court has independently reviewed the record and finds this summary to be accurate. Considering the nature of petitioner's claims, this brief summary sufficiently recounts the factual background:

> In view of defendant's contentions on appeal, we need not recount the underlying facts in detail. Suffice to say that defendant befriended an eight-year-old boy at a neighborhood park, letting him play with his basketball. On a few occasions, defendant drove the boy to secluded areas where defendant molested him in the car. Defendant told him not to tell. Defendant bought the boy tennis shoes and gave him money.

Respondent's Lodged Document 4, p. 2.

The undersigned has reviewed the transcript from the sentencing hearing, which begins in respondent's lodged document 10, reporter's transcript volume 4, and concludes in respondent's lodged document 11, reporter's augmented transcript (RAT) volume 1. The California Court of Appeal correctly described petitioner's sentence. The trial court imposed the

4

upper term sentence based on the victim's vulnerability, RAT at 38, and imposed consecutive sentences because the crimes involved planning and/or sophistication and would be considered crimes of violence. RAT at 39. The trial judge, who had evidently given the matter a good bit of thought, RAT 34-39, explained that California Rules of Court allowed her to sentence consecutively. RAT 37-38.

III. Discussion

Although petitioner sets forth three separate claims (see footnote 1 above), all of these claims fall before the fact that neither California nor federal law required the jury to find anything for the purposes of consecutive sentencing. And, because the "planning and sophistication" factor was used for consecutive sentencing purposes, and *not* imposition of an upper term, petitioner's allegations about a faulty jury instruction regarding planning and sophistication is irrelevant.[2]

        Claim I (Jury instruction Error-Planning and Sophistication)

Petitioner faults the trial court for leaving out the "distinctively worse" element of the "planning and sophistication" aggravating factor jury instruction. At the time the case went to the jury, the jurors were asked to find as special factors more than just planning and sophistication. The jury also found that the victim was particularly vulnerable (a factor not at issue here) which was ultimately the basis for imposition of the upper term on Count Two. RAT 38. Then utilizing a California Rule of Court, the trial judge imposed consecutive sentencing based upon the judge's finding of planning and sophistication and the fact that the offenses of conviction constituted crimes of violence.

\\\\\

---

[2] The undersigned is therefore puzzled why the California appellate court reviewed the jury instruction issue on its merits. As evidenced by its opinion, and quoted herein, the appellate court clearly held that California law did not require consecutive sentencing factors to be decided by a jury. If this is the case, any alleged instructional error when the planning and sophistication factor was initially presented as a reason to impose the upper term, but not ultimately used for that reason, is irrelevant.

1          In any event, a jury determination is not required for consecutive sentencing.
Cunningham v. California (2007) 549 U.S. ---- [166 L.Ed.2d 856] ( Cunningham ) recently
overruled Black I, in part, and held that a defendant is entitled to a jury trial and proof beyond a
reasonable doubt on a fact, other than a prior conviction, found to impose an upper term.
(Cunningham, supra, 549 U.S. at p. ----, --- S.Ct. at p. - - - - [166 L.Ed.2d at p. 864].)

> "While there is a statutory presumption in favor of the middle term as the sentence for an offense [citation], there is no comparable statutory presumption in favor of concurrent rather than consecutive sentences for multiple offenses except where consecutive sentencing is statutorily required. The trial court is required to determine whether a sentence shall be consecutive or concurrent but is not required to presume in favor of concurrent sentencing." ( *People v. Reeder* (1984) 152 Cal.App.3d 900, 923, 200 Cal.Rptr. 479.) A defendant who is convicted of more than one offense may receive a consecutive sentence in the court's discretion. A defendant does not have a legal right to concurrent sentencing which "makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." ( *Blakely*, supra, 542 U.S. at p. 309 .)
>
> Black I held that the factfinding requirement for imposition of consecutive sentences is not subject to Blakely. ( Black I, supra, 35 Cal.4th at pp. 1261-1264, 29 Cal.Rptr.3d 740, 113 P.3d 534.) Cunningham did not overrule this holding in Black I. People v. Black (July 19, 2007, S126182) 41 Cal.4th 799 [2007 Cal. Lexis 7604, 2007 WL 2050875] ( Black II ) reaffirmed its prior determination, noting that " Cunningham does not call into question the conclusion we previously reached regarding consecutive sentences." ( Black II, supra, 41 Cal.4th at p. ---- [2007 Cal. Lexis 7604, at p. *47, 2007 WL 2050875].) We must follow Black I and Black II. ( *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.)

People v. Valle, 2007 WL 2372224 (Cal. App. 2007).

          In Oregon v. Ice, ___ U.S. ___, 129 S. Ct. 711, 714-15 (2009), the Supreme Court
held that trial judges are authorized to make the findings of fact supporting decisions to impose
consecutive sentences.

          Moreover, and in any event, California only requires one aggravating factor be
proved in order for an upper term to be imposed. People v. Black (Black II), 41 Cal. 4th 799,
812, 62 Cal. Rptr 3d 569, 578 (2007).  Relying on Black II, the Ninth Circuit recently confirmed
that, under California law, only one aggravating factor is necessary to authorize an upper term
sentence.  Butler v. Curry, 528 F.3d 624, 641-43 (9th Cir.), cert. denied, --- U.S. ----, 129 S.Ct.

1  767 (2008).  In this case, the jury also found the victim vulnerable, a fact which justified the
2  upper term.  This is sufficient for imposition of the upper term, in and of itself.  Again the alleged
3  error in the "planning and sophistication" instruction was irrelevant.

       Claim II (سentencing Error)

5        Petitioner argues that the trial court's decision to impose upper terms and
6  consecutive sentences violated the Sixth Amendment.

7        In the instant case, the trial court imposed the upper terms based on the jury's
8  finding regarding the victim's vulnerability.  RAT at 38; CT at 382 (verdict form).  In
9  Cunningham, supra, the Supreme Court held that any factor used to increase the statutory
10 maximum (in California, the  middle term) must be found by the jury beyond a reasonable doubt.
11 Accordingly, as set forth above, no Cunningham error occurred because the imposition of the
12 upper terms was based on a finding by the jury beyond a reasonable doubt.

13        Also as set forth above, in sentencing petitioner to consecutive sentences, the trial
14 court relied on the following aggravating factors: the crimes involved planning and sophistication
15 and were all crimes of violence.  RAT at 39.  While the jury found that the crimes involved
16 planning and sophistication, it found that they did not involve violence.  CT at 418.  Petitioner
17 argues that his consecutive sentence was based on factors not found by a jury because the trial
18 court disregarded the jury's finding that his crime did not involve violence.  As demonstrated
19 above, petitioner cannot prevail on this claim because his consecutive sentence did not require
20 jury findings.  Oregon v. Ice, supra.  Also, again, the planning and sophistication finding would
21 have justified consecutive sentencing by itself.

22        The denial of these claims by the California Court of Appeal was not an
23 unreasonable application of clearly established Supreme Court authority.

       Claim III (Ineffective Assistance of Counsel)

25        Petitioner argues that his counsel was ineffective for failing to object to the
26 "illegal" upper terms and consecutive sentences.  As discussed above, petitioner's sentences did

not violate federal law. Also, as discussed above, petitioner's sentence did not violate state law. For these reasons, the court finds that counsel was not ineffective for failing to object to his upper terms and consecutive sentences, and any such objection would have been meritless.

IV. Motion to Expand the Record

On August 17, 2009, petitioner filed a motion to expand the record to include a transcript from an April 18, 2005, hearing where jury instructions were discussed. Petitioner contends that the record contains only a minute order from that hearing. Petitioner argues that he must review these transcripts in order to see what was discussed and to evaluate counsel's failure to object to the planning/sophistication instruction. Petitioner requests that the court send him a copy of this transcript.

The transcript petitioner requests appears to be included in the Reporter's Augmented Transcript. In any event, because petitioner's claim challenging the planning/sophistication instruction is without merit for the reasons discussed above, petitioner's motion requesting that he be provided with these transcripts is denied. These transcripts will not assist petitioner in proving his claim that counsel was ineffective in failing to request the "distinctively worse than the ordinary" language be added to the planning/sophistication instruction. Accordingly, this motion is denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's August 17, 2009, motion to expand the record (no. 20) be denied;

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2010

          /s/ Gregory G. Hollows

         UNITED STATES MAGISTRATE JUDGE

val1457.157